FILED by ___ D.C.
ELECTRONIC
August 12, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Erick Kelecseny, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>Chevron U.S.A., Inc, a Pennsylvania Corporation; Exxon Mobil Corporation, a New Jersey Corporation; BP America, Inc., a Delaware Corporation; Shell Oil Company, a Delaware Corporation; ConocoPhillips Company, a Delaware Corporation; Tower Energy Group, a California Corporation; and DOES 1 through 10, inclusive;<br><br>Defendants. | [Hon. _____]<br><br>**08-CV-61294-Altonaga-Brown**<br>**COMPLAINT**<br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Erick Kelecseny, ("Plaintiff"), individually and on behalf of the Classes described below, by his attorneys, makes the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiff and his counsel, which are based on personal knowledge. Plaintiff brings this action for damages, restitution, and injunctive relief against Defendants and demands a trial by jury.

### NATURE OF THE ACTION

1. In or around 2004, major gasoline manufacturers began to replace methyl tertiary-butyl ether ("MTBE") as an oxygenate in gasoline, and began to use ethanol as a supplement to the gasoline that they sold to the consuming public. Unfortunately, when used in boats, ethanol blended gasoline will eventually: 1) expire more quickly

around water; 2) cause damage to boat engines and fuel systems; and 3) cause significant damage to the fiberglass fuel tanks – necessitating their replacement.

2. Despite having actual knowledge of these problems, the major gasoline manufacturers distributed, marketed and sold ethanol blended gasoline for use in boats without providing the consuming public with notice or warning that the use of ethanol blended gasoline will inevitably: 1) expire more quickly around water; 2) cause damage to boat engines; and 3) cause significant damage to fiberglass fuel tanks used in, among other things, boats.

3. Because a significant portion of the gasoline sold to owners of boats was by the Defendants, Plaintiffs bring this class action against all the defendants on a market theory.

4. The Class that Plaintiff seeks to represent is defined as follows:

> ***Class A***: *All persons who own boats and who filled the boat's fuel tank with gasoline blended with ethanol from a gasoline retailer in Florida..*
>
> ***Class B***: *All persons in Florida who own boats with a fiberglass fuel tank and who filled the fiberglass fuel tank with gasoline blended with ethanol from a gasoline retailer in California.*
>
> ***Class C***: *All persons in Florida who own boats with a fiberglass fuel tank that had to be replaced due to damage caused by the use of gasoline blended from a gasoline retailer in California.*

## THE PARTIES

5. Plaintiff, Eric Kelesceny, is a resident of Highlands County, Florida.

6. Defendant Chevron U.S.A., Inc. is a Pennsylvania Corporation doing business in Florida.

7. Defendant Exxon Mobil Corporation is a New Jersey Corporation doing

2

business in Florida.

8. Defendant BP America, Inc. is a Delaware Corporation doing business in Florida.

9. Defendant Shell Oil Company is a Delaware Corporation doing business in Florida.

10. Defendant ConocoPhillips Company is a Delaware Corporation doing business in Florida.

11. Defendant Tower Energy Group is a California Corporation doing business in Florida.

12. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 50, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. Section 1332, as amended in February 2005 by the Class Action Fairness Act. Jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; (2) Defendants have purposefully availed themselves of the privilege of conducting business activities within Florida, where they distribute and sell the

3

products at issue in this lawsuit to Plaintiff and to the members of the proposed classes; and (3) a substantial number of the members of the proposed classes are citizens of a state different from that of Defendants.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

15.     The Defendants in this action are the largest oil companies operating in the United States.  The Defendants manufacture a substantial share of the market of all ethanol blended gasoline sold at marinas, harbors, boat docking areas and other points of distribution throughout the United States.  The ethanol blended gasoline manufactured by Defendants is virtually identical in that it is comprised of gasoline and ethanol.  Any other additives that an individual defendant may add to the ethanol gasoline manufactured and sold by that individual defendant would not influence, positively or negatively, the characteristics of the ethanol gasoline that has caused damage to Plaintiff and the Class members.

16.     Due to the general methods for the use and distribution of gasoline used to fuel boats, Plaintiff does not know the identity of each of the named Defendants that sold the ethanol blended gasoline that he purchased for use in his boat.

17.     An oxygenate is a gasoline additive that is used to increase the oxygen content of gasoline.  A higher oxygen content results in a higher octane level for the gasoline.  Prior to 2004, MTBE was widely used by Defendants as an oxygenate in gasoline.  However, due to environmental concerns, MTBE has been banned in numerous states.  With the restrictions on MTBE, Defendants selected ethanol as a

4

replacement for MTBE.

18. Prior to, during and after the change from MTBE gasoline to ethanol blended gasoline, Defendants made no changes to their advertising or marketing to disclose to the consuming public that ethanol blended gasoline was in any way different from the MTBE gasoline. Instead, Defendants continued calling the ethanol blended gasoline simply "unleaded gasoline," indicating that it was in no way different from the MTBE gasoline that had been sold previously and was suitable for use in boats.

19. Ethanol, while relatively suitable for use in automobiles, poses special problems when used in boats.

20. Fiberglass has historically been widely used in the construction of fuel tanks for boats. The use of gasoline with MTBE additives does not cause any damage in the fiberglass tanks used in boats. However, ethanol directly reacts with and dissolves the resin that binds the fiberglass together. This causes damage in two ways. First, ethanol weakens the fuel tanks when it dissolves the resins. These compromised fuel tanks must then be replaced. Second, the dissolved resin enters the fuel system resulting in damage when the resin sticks to the various parts of the fuel system and motor. All standard resins used in the construction of fiberglass fuel tanks are susceptible to damage from the ethanol in ethanol blended gasoline.

21. The ethanol in ethanol blended gasoline also absorbs water much more readily than MTBE, thus causing it to expire without warning. In moist environments, like those necessarily encountered by boats, ethanol blended gasoline can absorb water in a relatively short time. When enough water is absorbed by the ethanol, the ethanol and water solution separates from the gasoline, leaving the gasoline floating on top of the ethanol and water solution. This results in a layer of water with a high

concentration of ethanol settling underneath the gasoline. This is known as "phase separation."

22. This water-ethanol mixture resulting from phase separation is highly corrosive and will damage any components that it comes into contact with, including materials found in all boat gas tanks, fuel systems, and various engine parts.

23. Defendants, with actual knowledge of the problems ethanol blended gasoline causes when used in boats, failed to warn Plaintiff and the Classes that the gasoline they purchased was blended with ethanol, and that ethanol blended gasoline causes significant problems, particularly in boats.

24. Plaintiff purchased the ethanol gasoline for his boat, which had a fiberglass fuel tank.

25. After filling his tank with ethanol blended gasoline, Plaintiff discovered that the ethanol in the ethanol blended gasoline began dissolving the boat's fiberglass fuel tank and fuel system, and caused damage to the boat's fuel system and engine. Plaintiff was forced to spend a significant amount of money to fix the problems caused by Defendants' ethanol blended gasoline.

26. At all times prior to the discovery of the damage to Plaintiff's boat, Plaintiff did not know that Defendants' ethanol blended gasoline could cause damage to his boat.

## CLASS ACTION ALLEGATIONS

27. Description of the Classes: Plaintiff brings this nationwide class action on behalf of himself and Classes defined as follows:

> ***Class A**:* All persons who own boats and who filled the boat's fuel tank with gasoline blended with ethanol from a gasoline retailer in Florida.

6

> ***Class B***: All persons in Florida who own boats with a fiberglass fuel tank and who filled the fiberglass fuel tank with gasoline blended with ethanol from a gasoline retailer in Florida.
>
> ***Class C***: All persons in Florida who own boats with a fiberglass fuel tank that had damage to the fuel tank and/or fuel system due to damage caused by the use of gasoline blended from a gasoline retailer in Florida.

28. Excluded from the Classes are governmental entities, each Defendant, any entity in which any Defendant has a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

29. Plaintiff and the Classes bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal Rules of Civil Procedure.

30. Numerosity: The proposed Class members are so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the tens of thousands and that the members of the Classes are geographically dispersed across the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

31. Common Questions of Law and Fact Predominate: There are many

7

questions of law and fact common to the representative Plaintiff and the Classes, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a.    whether the use of ethanol blended gasoline as fuel for boats is an intended and reasonably foreseeable use;

    b.    whether Defendants' ethanol blended gasoline is defective as designed;

    c.    whether a reasonable consumer would consider Defendants' ethanol blended gasoline defective when used and stored in an intended and reasonably foreseeable manner;

    d.    whether Defendants failed to warn of the propensity of their ethanol blended gasoline to cause damage particular to boats;

    e.    whether Defendants had actual and/or constructive knowledge of the propensity of their ethanol gasoline to cause damage to boats;

    f.    whether Defendants failed to disclose material facts;

    g.    whether Defendants engaged in unfair, unlawful and/or deceptive business practices; and

    h.    whether Plaintiff and the members of the Classes have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded.

32.    Typicality: Plaintiff's claims are typical of the claims of the members of the class. Plaintiff and all members of the class have been similarly affected by Defendants' common course of conduct.

33. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the Classes.

34. Superiority of a Class Action: Plaintiff and the members of the Classes suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class. Furthermore, for many, if not most, class members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.

35. Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

9

## COUNT I - PRODUCTS LIABILITY

36. Plaintiff realleges paragraphs 1-35 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

37. Plaintiff and Class B and C members used Defendants' ethanol blended gasoline as fuel for their boats. This use was an intended and reasonably foreseeable use of the ethanol blended gasoline.

38. Defendants' ethanol blended gasoline is defective by design in that it fails to perform as safely as a reasonable consumer would expect when used in an intended and reasonably foreseeable manner, i.e., as fuel for boats.

39. Defendants knew, or should have known, at all material times that the ethanol in their ethanol blended gasoline would dissolve the resins that bind together fiberglass fuel tanks resulting in damage to the fuel tanks and/or fuel systems.

40. Plaintiff and the Class members did not know, nor would a reasonable consumer be expected to know, that the ethanol blended gasoline sold by Defendants becomes highly corrosive and will dissolve the resins that bond together the fiberglass fuel tanks used in boats.

41. Defendants failed to warn Plaintiff and members of Class B and Class C that the gasoline they purchased contained ethanol and that there was a risk that it would dissolve and / or weaken the resins that bind together fiberglass fuel tanks and damage the fuel system.

42. Defendants' ethanol blended gasoline is the actual and proximate cause of the damage suffered by Plaintiff and the members of Classes B and C as the ethanol in Defendant's ethanol blended gasoline dissolves the resin that bonds together the fiberglass fuel tanks, weakening the fuel tanks and causing damage to the fuel systems.

10

43. In addition, Defendants' failure to warn (that their ethanol blended gasoline dissolves the resin that bonds together the fiberglass fuel tanks, weakening the fuel tanks and causing damage to the fuel system) is the actual and proximate cause of the damage suffered by Plaintiff and the members of the Classes.

44. Plaintiff and the members of Class B have been damaged in an amount to be shown at trial.

45. Plaintiff and the members of Class C have been damaged in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Classes pray for relief as set forth below.

## COUNT II - FRAUDULENT CONCEALMENT

46. Plaintiff realleges paragraphs 1-35 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

47. Defendants knew, at all material times that the ethanol in their ethanol blended gasoline would dissolve the resins that bind together fiberglass fuel tanks.

48. This fact was not known to Plaintiff and the Members of Class A and Class B.

49. Defendants knew at all material times that the ethanol blended gasoline they manufactured and sold was susceptible to phase separation which would result in a highly corrosive layer of ethanol-water mixture settling below gasoline with a reduced octane rating.

50. Defendants had a duty to disclose the above known material facts because Defendants knew that these material facts were unknown to Plaintiff and the members of Classes B and C, because Defendants were in a superior position of knowledge with regard to their own products, and because Defendants chose to make

11

certain representations that presented only a part of the true story and misled consumers about the characteristics of their ethanol gasoline.

51. Defendants' knowledge of their ethanol blended gasoline, combined with Defendants' knowledge that Plaintiff and Classes B and C reasonably relied upon Defendants to communicate the true state of facts relating to their ethanol blended gasoline, creates a legal obligation on Defendants' part to disclose to Plaintiff and the members of Classes B and C that their ethanol blended gasoline causes significant damage when used in boats with fiberglass fuel tanks.

52. Plaintiff and the members of Classes B and C were unaware of the above facts and would not have acted as they did if they had known of the concealed material facts.

53. Defendants intentionally concealed and/or suppressed the above facts with the intent to defraud Plaintiff and the members of Classes B and C.

54. Defendants' concealment of the above facts has caused damage to Plaintiff and the members of Classes B and C in an amount to be shown at trial.

WHEREFORE, Plaintiff and the Classes pray for relief as set forth below.

## COUNT III - VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, CHAPTER 501 *ET SEQ.* FLORIDA STATUTES

55. Plaintiff realleges paragraphs 1-40 as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

56. The alleged conduct forming the basis of Plaintiff's claims occurred in Florida.

57. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as delineated

12

herein.

58. All Class members have lost money or property as a result of Defendants' actions as delineated herein, and the misrepresentations made by Defendants were material to their decision on whether or not to purchase the product.

59. Defendants' actions as alleged in this complaint constitute an unfair or deceptive practice within the meaning of Florida's Deceptive and Unfair Trade Practices Act, § 501 et seq., Florida Statutes, in that Defendants' actions are unfair, unlawful and fraudulent, and because Defendants have made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of § 501.204, Florida Statutes.

60. Defendants' business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are not informed that Defendants' ethanol blended gasoline can and /or does cause significant damage when used in boats, especially boats with fiberglass tanks, that the ethanol fuel otherwise expires more rapidly when near water; and that ethanol fuel is so corrosive that it can and /or does negatively impact boat fuel systems and engines in particular.

61. Defendants' business practices, as alleged herein, are unlawful because the conduct constitutes false marketing, advertising and fraudulent concealment.

62. The practices are fraudulent because they are likely to deceive consumers into believing that the ethanol blended gasoline they purchased from Defendants is safe for use in boats when, in fact, it is not, or that ethanol fuel can be used in the same manner – and has the same effect – as prior gasoline that did not contain ethanol.

63. Defendants' alleged wrongful business acts constitutes unfair competition

13

since Defendants are marketing and selling their product in a manner that is likely to deceive the public.

64.     Defendants' business acts and practices, as alleged herein, have caused injury to Plaintiff and the Classes.

65.     Pursuant to § 501 *et seq.*, Florida Statutes, Plaintiff and the members of the Classes seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint. Plaintiff and the Classes also seek an order requiring Defendants to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Classes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Classes request that the Court enter an order or judgment against the Defendants as follows:

a.     certification of the proposed class and notice thereto to be paid by Defendants;

b.     adjudge and decree that Defendants have engaged in the conduct alleged herein;

c.     for restitution and disgorgement on certain causes of action;

d.     for an injunction ordering Defendants to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

e.     for compensatory and general damages according to proof on certain causes of action;

f.     for special damages according to proof on certain causes of action;

g.     costs of the proceedings herein;

14

      h.    reasonable attorneys fees as allowed by Sections 501.211(2) and 501.2105, Florida Statutes; and

      i.    any and all such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action.

DATED: August 12th, 2008

                Respectfully submitted,

                **THE KOPELOWITZ OSTROW FIRM, P.A.**
                200 S.W. First Avenue, 12th Floor
                Fort Lauderdale, FL 33301
                Telephone: (954) 525-4100
                Facsimile: (954) 525-4300

                By_____
                Jeffrey M. Ostrow
                Florida Bar No. 121452
                ostrow@tkolaw.com
                David L. Ferguson
                Florida Bar No. 981737
                ferguson@tkolaw.com
                *Counsel for Plaintiff and the class*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provide by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiatin the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Erick Kelecseny, et al.

**DEFENDANTS**
Chevron U.S.A., Inc., et al.

**(b)** County of Residence of First Listed Plaintiff: **Highlands**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Broward**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey M. Ostrow, Esq. & David L. Ferguson, Esq.,
The Kopelowitz Ostrow Firm, P.A., 200 S.W. 1st Avenue,
12th Floor, Fort Lauderdale, FL 33301; (954) 525-4100

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

0:08CV 61294-Altonaga-Brown

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☒ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Ac |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determinatio Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO         b) Related Cases ☐ YES ☒ NO
JUDGE                                    DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via __10__ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
S/

DATE
August 12, 2008

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 343919    IFP