UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61294-CIV-ALTONAGA/BROWN

**ERICK KELECSENY**, *et al.*,

    Plaintiffs,

vs.

**CHEVRON USA, INC.**,
a Pennsylvania corporation, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE came before the Court on a *sua sponte* review of the record. In their Second Amended Complaint, Plaintiffs plead subject matter jurisdiction for this action based on the amendments to the diversity jurisdiction statute created by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 (d). (*See* Second Am. Compl. [D.E. 94] at ¶ 19). CAFA provides, in pertinent part: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332 (d)(2). On November 25, 2009, the Court entered an Order denying Plaintiffs' Motion for Class Certification [D.E. 491]. On the face of the Amended Complaint, there does not appear to be any other basis for subject matter jurisdiction in federal court.

Courts considering the question of whether subject matter jurisdiction under CAFA survives denial of class certification have reached conflicting conclusions. *See, e.g., McGaughey v. Treistman*, No. 05-cv-7069, 2007 WL 24935, at *3-4 (S.D.N.Y. Jan. 4, 2007) (no CAFA jurisdiction after denial of class certification); *Falcon v. Philips Electronics N. Am. Corp.*, 489 F. Supp. 2d 367,

Case No. 08-61294-CIV-ALTONAGA/Brown

368-69 (S.D.N.Y. 2007) (no CAFA jurisdiction after denial of class certification if there is no foreseeable possibility a class might subsequently be certified); *Hoffer v. Cooper Wiring Devices, Inc.*, No. 06-cv-763, 2007 WL 2891401, at *1-2 (N.D. Ohio Sept. 28, 2007) (following *Falcon*); *Arabian v. Sony Electronics, Inc.*, No. 05-cv-1741 WQH (NLS), 2007 WL 2701340, at *3-7 (S.D. Cal. Sept. 13, 2007) (following *Falcon*); *Gonzalez v. Pepsico, Inc.*, No. 06-cv-2163-KHV, 2007 WL 1100204, at *4 (D. Kan. Apr. 11, 2007) (assuming, without deciding, that denial of class certification destroys CAFA jurisdiction); *Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014 (C.D. Ill. 2007) (CAFA jurisdiction survives denial of class certification); *Colomar v. Mercy Hosp., Inc.*, No. 05-22409-CIV, 2007 WL 2083562, at *2 (S.D. Fla. July 20, 2007) (removal jurisdiction survived after class certification was denied and after the only diverse defendant was dismissed); *Garcia v. Boyar & Miller, P.C.*, No. 3:06-CV-1936-D, 2007 WL 1556961, at *5 (N.D. Tex. May 30, 2007) (federal jurisdiction remained even if the plaintiffs withdrew their motion for class certification); *In re Welding Fume Products Liability Litig.*, 245 F.R.D. 279, 317 (N.D. Ohio 2007) (noting the split in authority and permitting the parties the opportunity to brief the issue); *Good v. Ameriprise Financial, Inc.*, 248 F.R.D. 560, 573-75 (D. Minn. 2008) (noting the split in authority and permitting the parties the opportunity to brief the issue).

Facing this issue in a previous case, the undersigned determined that subject matter jurisdiction did not exist following denial of class certification, and dismissed the action. *See* Order Dismissing Case, *Clausnitzer v. Federal Express Corporation*, Case No. 06-21457-CIV-ALTONAGA/Brown [D.E. 115], entered on June 18, 2008. The Court's reasoning for following those decisions finding the absence of jurisdiction is contained in that order. Accordingly, the Court informs the parties that unless the parties bring to the Court's attention contrary authorities not cited

Case No. 08-61294-CIV-ALTONAGA/Brown

herein or contained in the order in the *Clausnitzer* case, this cause will be dismissed for lack of subject matter jurisdiction on January 15, 2010.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of December, 2009.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record